UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GLENN D. ODOM, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:11-cv-00144-WTL-WGH |
| | ) |
| EX-CORRECTION OFFICER GUADALUPE LOPEZ, OFFICER J. MAYES, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Officer Mayes' Motion for Summary Judgment**

Plaintiff Glenn D. Odom, II, filed this civil action alleging that while he was incarcerated at the Wabash Valley Correctional Facility defendants Guadalupe Lopez and John Mayes (employed as correctional officers at the time) failed to protect him from attack by other inmates in violation of Odom's Eighth Amendment rights.

Defendant John Mayes ("Officer Mayes") seeks resolution of the claims alleged against him through summary judgment. For the reasons explained below, Officer Mayes' unopposed motion for summary judgment [Dkt. 57] is **granted.**

**Standard of Review**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no

reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

In this case, Officer Mayes has met his burden through his unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, the plaintiff has conceded Officer Mayes' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(f), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## Material Facts

The undisputed factual record shows the following:

On February 12, 2011, Officer Mayes worked in the "control pod" in the unit where Odom was housed at Wabash Valley Correctional Facility ("Wabash Valley"). On that day, Wabash Valley had implemented a clean-up and work policy that allowed offenders to volunteer to be released from their cells to help clean up parts of the facility, if they chose to do so and security made it possible. There was no official list of offenders explicitly allowed to come out of their cells to participate in cleaning duties; it was a voluntary, informal procedure.

A correctional officer working in the control pod has the ability to open and close offender cell doors and he receives calls from other officers working directly on the housing unit floor requesting that a particular cell door be opened. If a correctional officer is standing in the control pod, he would be able to see Odom's cell and outside the cell door; however, if he is sitting, Odom's cell and outside the cell door cannot be seen. A correctional officer working in

the control pod sometimes sits and sometimes stands, as required by the various tasks to be performed while in the control pod.

On February 12, 2011, Officer Mayes received a call in the control pod from Officer Lopez, who requested that Odom's cell door be opened. Officer Lopez informed Officer Mayes that Odom's cell door needed to be opened so that Odom could come out to help buff the floors and participate in facility cleaning duties. At the time of Lopez's call to the control pod, Officer Mayes was logging entries into the control pod log book and was sitting down. Officer Mayes did not see Odom's cell at the time Lopez called him to have Odom's cell door opened and he did not see anyone else standing outside Odom's cell at that time. Officer Mayes assumed that Lopez's explanation for opening Odom's cell door was true and that it was safe to open the cell door. Officer Mayes had no reason to believe otherwise.

Officer Mayes opened Odom's cell door per Lopez's request. Shortly after Odom's cell door opened, Officer Mayes heard a commotion in the housing unit and realized that a fight had broken out. Upon realizing that a fight was taking place, Officer Mayes called a "10-10" distress signal to alert other officers of the fight and to have it stopped.

Prior to the attack, Officer Mayes was not aware that Odom's assailants were planning on assaulting Odom or that he was in danger. Standard Department of Correction policy was followed by Officer Mayes related to the incident at issue.

## Discussion

"Jail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take

appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (*quoting Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010).

The undisputed record in this case does not support a finding that Officer Mayes was aware of but did not appropriately respond to a substantial risk that Odom might be assaulted. To the contrary, Officer Mayes was working in a position making it impossible for him to see Odom's cell door or the inmates waiting outside his cell. Officer Mayes opened Odom's door upon Officer Lopez's request with the belief that the floor officer would only make the request were it safe to do so. Shortly after opening the door, Officer Mayes heard a commotion. Realizing that a fight had broken out, he called a 10-10 distress signal so that other officers could come break up the fight. There is no evidence suggesting that Officer Mayes was on notice of the possibility that Odom was at substantial risk of an assault from his assailants. Upon learning of the fight, Officer Mayes responded reasonably by calling a distress signal consistent with policy.

Similarly, Officer Mayes is entitled to qualified immunity on the claims alleged against him. Odom has failed to establish either that Officer Mayes deprived Odom of a constitutional right or that such right was clearly established at the time. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

## Conclusion

There is no doubt that Odom was entitled to certain constitutional protections while confined at Wabash Valley, including the right to be free of cruel and unusual punishment. He has not, however, come forward with a genuine issue for trial as to his claims against Officer Mayes. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons,

legal or factual, why summary judgment should not be entered."). "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994). That is precisely the situation with respect to the present case, and Officer Mayes' motion for summary judgment must therefore be **granted**.

This Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 7/10/13

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GUADALUPE LOPEZ
1515 23rd Street
Bedford, IN 47421

All Electronically Registered Counsel